IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICKY J. SANDERS, | |
| Petitioner, | 4:17CV3020 |
| vs. | |
| RICHARD CRUICKSHANK, Warden Nebraska Penitentiary; and SCOTT R. FRAKES, Director Nebraska Department of Correctional Services; | MEMORANDUM AND ORDER |
| Respondents. | |

This matter is before the court on the following motions from Petitioner Ricky J. Sanders:

1) Motion to Strike Respondent's Answer ([Filing No. 27](#));

2) Motion for Leave to Conduct Discovery ([Filing No. 29](#));

3) Motion for Extension of Time to File a Responsive Pleading ([Filing No. 32](#)); and

4) Motion for Leave to Expand the Record ([Filing No. 33](#)).

For the reasons set forth below, the motions will be denied.

## BACKGROUND

Petitioner filed a Petition for Writ of Habeas Corpus, pursuant to [28 U.S.C. § 2254](#). Sanders was convicted in Nebraska state district court, in part for violating [Neb. Rev. Stat. § 28-1212.04](#) which prohibits discharging a firearm near a vehicle or building in certain classes of cities and counties. After exhausting his state court appeals and requests for post-conviction relief, Sanders petitioned

this court. Sanders' petition survived initial review by the court and the Hon. Richard G. Kopf recognized two cognizable claims:

Claim One: Petitioner was denied effective assistance of counsel because (1) trial and appellate counsel (same counsel) did not move to quash the Information on the ground that Neb. Rev. Stat. § 28-1212.04 is facially unconstitutional under the Equal Protection Clause, and (2) trial and appellate counsel (same counsel) failed to file a motion to suppress the illegal search and seizure of Petitioner and his passenger, as well as the illegal search of Petitioner's vehicle.

Claim Two: Petitioner's convictions are void because Neb. Rev. Stat. § 28-1212.04 is facially unconstitutional under the Equal Protection Clause.

(Filing No. 4).

Judge Kopf entered a progression and briefing schedule. (Filing No. 4). Petitioner has now requested a number of actions in connection with his petition.

1. Motion to Strike

Sanders has moved to strike Respondents' answer as non-compliant with Rule 5(b) of the Federal Rules Governing Section 2254 cases. Sanders also seeks a court order requiring Respondents to either admit or deny the specific factual allegations Sanders listed in paragraph 12 of his petition.

Rule 5(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "The answer must address the allegations in the petition. In addition, it must state whether any claim in the petition is barred by . . . a procedural bar."  The purpose of a Rule 5 answer is to "frame the issues in dispute, as well as to ferret out unmeritorious petitions." Williams v. Calderon, 52 F.3d 1465, 1483 (9th Cir. 1995).  The answer in a case filed pursuant to Section 2254 does not require fact by fact responses, including specific admissions or denials.  Ebert v. Clarke, 320 F.Supp.2d 902, 904 n.4 (D.Neb.2004).

Here, Sanders is seeking to strike Respondents' answer as non-responsive and requests that they admit or deny the individual allegations contained in paragraph 12 of the Petition.  Specifically, Sanders seeks admissions or denials regarding the size and racial demographics of certain cities and counties in Nebraska, the legislative history of Neb. Rev. Stat. § 28-1212.04, and certain court proceedings with the hope of supporting his claim that Neb. Rev. Stat. § 28-1212.04 is facially unconstitutional.

Respondents argue they have no obligation to answer the allegations in the Petition with specificity. The court agrees.  Respondents have no obligation other than to address the allegations in the petition in order to frame the issues.  Respondent's answer, although short on detail, does allege that both of Sander's claims are procedurally barred and/or "the Nebraska courts reached decisions that were not contrary to, or an unreasonable application of, clearly established federal law . . . and were not based on an unreasonable determination of the evidence presented in state court."   (Filing No. 24 at CM/ECF p. 5 ¶ 14).  The answer is sufficient to meet the requirements of Rule 5.

    2.    Motion for Discovery

Sanders has filed a Motion for Discovery under Rule 6. He seeks several admissions from Respondents regarding Respondents' interpretation of the record as applied to the ineffective assistance of counsel claim, essentially seeking responses to requests for admissions regarding the assertions in Paragraph 12 of Sanders' Petition.

The court may allow discovery in a case filed pursuant to Section 2254 upon a showing of good cause. "The 'good cause' that authorizes discovery under Rule 6(a) requires a showing 'that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to [habeas] relief.'" Rucker v. Norris, 563 F.3d 766, 771 (8th Cir. 2009)(citing Bracy v. Gramley, 520 U.S. 899, 909 (1997)).

Here, Respondents have asserted Sanders' claims are procedurally barred, and Sanders points to no discovery pertinent to that assertion. The vast majority of Sanders' requested discovery seek Respondents' admissions that certain documents of record from the state court proceedings are authentic, along with Respondent's interpretations of documents. (See Filing No. 30-1 and Filing No. 30-2). For instance, Sanders seeks admissions that documents such as the Information and written waiver of arraignment are "true and correct copies." Likewise the proposed interrogatories make requests such as: "Please identify all places in the state court records in [Filing Nos. 11-1 through 11-25] where there is any suggestion or indication that Mr. Sanders' trial/appellate counsel conducted research on the merits of the [constitutional issues] involving Neb. Rev. Stat. § 28-1212.04." Sanders is attempting to have Respondents argue the case through answering Interrogatories and Requests for Admission, rather than through the briefing schedule set forth by the court. Indeed many of

the Interrogatories and Requests for Admission do not seek additional facts not already in the record, but require Respondents to draw factual and legal conclusions based on the record. Respondents' legal theories opposing Sanders' request for habeas relief were presented in their Brief in Support of their Answer. ([Filing No. 25](#)). Discovery is not appropriate vehicle for identifying the Respondents' theory of the case or for shifting Petitioner's burden of proof or persuasion onto Respondents.

To the extent Sanders is attempting to further supplement the record with facts, these "facts" are not new and/or will not help advance his case. He is seeking confirmation that documents are authentic. He has not provided any indication the authenticity of the documents are in question or in what way having Respondents admit to their authenticity will advance his case. Likewise, there is no indication the population and demographic information he asks Respondents to verify is either in dispute or relevant to his habeas petition before this court. In short, Sanders has not properly demonstrated that the facts he seeks to fully develop – the demographics of the state, counties, and cities; Respondent's interpretation of certain aspects of the record; and Respondents' acknowledgement that certain documents are authentic – will entitle him to habeas relief or in any other way advance his claim. As such, Sanders' motion for discovery will be denied.

3. Motion to Expand the Record

Sanders has moved to expand the record pursuant Rule 7 of the Rules Governing Section 2254 Cases. Rule 7 permits the court to direct the parties to expand the record by submitting additional materials relating to the petition.

However, this power is permissive and granted or denied at the court's discretion.

Here, Sanders seeks to expand the record by adding several categories of documents, including:

1) Documents from the State v. Sanders proceedings before the Nebraska courts;
2) Documents from the Nebraska cases of State v. Ross and State v. Castillas;
3) Published Professional Standards References;
4) Official United States Census Data;
5) Official Published Legislative History;
6) County Attorney response and charging practices in jurisdictions where prosecutions are authorized under Neb. Rev. Stat. 28-1212.04

(Filing No. 33).

"When a petitioner seeks to introduce evidence pursuant to [Rule 7], the conditions prescribed by § 2254(e)(2) must still be met." Mark v. Ault, 498 F.3d 775, 788 (8th Cir. 2007) (citing Holland v. Jackson, 542 U.S. 649, 652-53 (2004)).[1]  Under 28 U.S.C. § 2254(e)(2) "[a] habeas petitioner must develop a factual basis of his claim in the state court proceedings rather than in a federal evidentiary hearing unless he shows that his claim relies upon a new, retroactive

---

[1] Sanders relies upon Vasquez v. Hillery for the proposition that additional evidence should be submitted under Rule 7 so long as it does not "fundamentally alter the legal claim already considered by the state courts." 474 U.S. at 260. *Vasquez* is distinguishable from this case because in *Vasquez*, the petitioner did not move to expand the record under Rule 7. The court initiated the request under the authority of Rule 7 *sua sponte,* thus eliminating the petitioner's burden of meeting the requirements of § 2254(e)(2).

6

law, or due diligence could not have previously discovered the facts." Cox v. Burger, 398 F.3d 1025, 1030 (8th Cir. 2005). A petitioner must also "show that the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e). "Federal courts may conduct evidentiary hearings and supplement the state record only in extraordinary circumstances because of the obligation to defer to state courts' factual determinations." Hall v. Luebbers, 296 F.3d 685, 700 (8th Cir.2002) (citing 28 U.S.C. § 2254(e)(1) and (e)(2)). A federal habeas court is "not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." Williams v. Taylor, 529 U.S. 420, 437 (2000).

Sanders seeks to supplement the record with additional documents from his state court proceedings. He asserts these documents are "missing" from the Respondents' Filing No. 11 and No. 12. Respondents were previously ordered to file "all state court records that are relevant to the cognizable claims." Filing No. 4 at CM/ECF p. 4, ¶4(A). Petitioner has not provided any specific indication as to why the documents he seeks to add to this case are relevant or should be considered by the court. Rather he has listed documents he wants to add, providing several broad explanations for the "functions" these documents would serve but with no specificity. (Filing No. 33 at CM/ECF p. 6). Without some showing of why each of the specific documents is necessary, the court will not allow the record to be expanded.

To the extent Sanders motion seeks to expand the record with documents outside of the state court proceedings, he does not address the requirements of 28 U.S.C. § 2254, most notably the due diligence requirement that the contents

7

of the proposed expansion could not have been previously discovered. Accordingly, he has not established he is entitled to expand the record. See Reed v. Steele, no. 15cv1843, 2016 WL 4990500 (E.D. Mo. September 19, 2016). Accordingly, Sanders' motion to expand the record is denied.

Accordingly,

IT IS ORDERED,

1) Petitioner's Motion to Strike, Motion for Discovery, and Motion to Expand the Record, (Filing No. 27, 29, and 33), are denied.

2) Because Petitioner has already filed his brief in support of his habeas petition, his Motion for Extension of Time (Filing No. 32) is denied as moot.

Dated this 20th day of September, 2017.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge