# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICKY J. SANDERS,<br><br>              Plaintiff,<br><br>   vs.<br><br>RICHARD CRUICKSHANK, Warden of Nebraska Penitentiary, and SCOTT R. FRAKES, Director of Nebraska Department of Correctional Services,<br><br>              Defendants. | 8:17CV3020<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, ECF No. 1, filed by Ricky Sanders. For the reasons stated below, the Petition will be denied.

## BACKGROUND

On November 16, 2011, in the District Court for Douglas County, Nebraska, Sanders was convicted of discharging a firearm, in violation of Neb. Rev. Stat. § 28-1212.04,[1] and using a firearm to commit a felony, in violation of Neb. Rev. Stat. § 28-1205(1)(a)(c).[2] According to the evidence at trial, a passenger in a vehicle driven by

---

[1] Section 1212.04 provides:

    [a]ny person, within the territorial boundaries of any city of the first class or county containing a city of the metropolitan class or primary class, who unlawfully, knowingly, and intentionally or recklessly discharges a firearm, while in any motor vehicle or in the proximity of any motor vehicle that such person has just exited, at or in the general direction of any person, dwelling, building, structure, occupied motor vehicle, occupied aircraft, inhabited motor home as defined in section 71-4603, or inhabited camper unit as defined in section 60-1801, is guilty of a Class IC felony.

[2] Section 1205(1)(a)(c) provides:

Sanders fired gunshots at a house in Omaha, Nebraska, and the court instructed the jury that Sanders could be found guilty on a theory of aiding and abetting. The Douglas County District Court sentenced Sanders to not less than ten years' nor more than fifteen years' incarceration on both counts, to be served consecutively. Transcript, ECF No. 24, Page ID 867.

On January 20, 2012, Sanders directly appealed his conviction to the Nebraska Court of Appeals arguing there was insufficient evidence to support his convictions and that the district court imposed an excessive sentence. The Douglas County Public Defender's Office represented Sanders at trial and, on appeal, Sanders asked the court to appoint substitute counsel because he was unhappy with counsel's performance. The Court of Appeals denied the motion to appoint substitute counsel and summarily affirmed Sanders's conviction and sentence. Sanders did not seek further review of this decision by the Nebraska Supreme Court.

After his direct appeal, Sanders filed a pro se motion for postconviction relief under the Nebraska Postconviction Relief Act, Neb. Rev. Stat. § 29-3001 *et seq.*, with the Douglas County District Court. The motion asserted a claim for ineffective assistance of counsel based on counsel's failure to challenge the constitutionality—state and federal—of Neb. Rev. Stat. § 28-1212.04, and counsel's failure to move to suppress evidence obtained from a warrantless search of the vehicle. The district court denied Sanders's motion, and he appealed the denial directly to the Nebraska Supreme Court. The

---

Any person who uses a firearm . . . to commit any felony which may be prosecuted in a court of this state commits the offense of use of a deadly weapon to commit a felony[,]" which is a Class IC felony.

2

Nebraska Supreme affirmed the denial "because counsel could not be found to be deficient [under *Strickland v. Washington*[3]] for failing to raise a novel constitutional challenge[,]" and because the record "show[ed] that the search was made incident to Sanders' arrest and was based on a reasonable belief that the vehicle contained evidence of the offense for which [he] was arrested." *State v. Sanders*, 855 N.W.2d 350, 356, 359 (Neb. 2014). The Court also found that the stop of Sanders's vehicle was constitutional because it was prompted by a traffic violation. *Id*. at 357-58.

Sanders then filed a petition for habeas corpus under Neb. Rev. Stat. § 29-2801 *et seq*, in the District Court for Lancaster County, Nebraska, arguing his judgment of conviction was void because Neb. Rev. Stat. § 28-1212.04, on its face, violates the Nebraska Constitution and the United States Constitution. The district court denied the petition because, under Nebraska law, Sanders's conviction was a final judgment that could not be collaterally attacked with a petition for habeas corpus. The Nebraska Supreme Court affirmed the denial. *Sanders v. Frakes*, 888 N.W.2d 514 (Neb. 2016) ("Section 29-2801 explicitly excludes from its scope 'persons convicted of some crime or offense for which they stand committed.'"). Thus, neither the district court nor the Nebraska Supreme Court reached the question of the constitutionality of the statute.

On February 15, 2017, Sanders filed his Petition, ECF No. 1, for habeas corpus under 28 U.S.C. § 2254 with this Court. After an initial review, Judge Richard Kopf found that Sanders's petition included two potentially cognizable claims: (1) ineffective assistance of counsel and (2) the statute of conviction, Neb. Rev. Stat. § 28-1212.04, is

---

[3] 466 U.S. 668 (1984).

3

facially unconstitutional under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. ECF No. 4; ECF No. 18 (amending, in part, ECF No. 4). Defendants Richard Cruickshank and Scott Frakes (Defendants) filed an Answer, ECF No. 24, to the Petition with an accompanying brief, ECF No. 25; Sanders filed a response brief, ECF No. 35; and Defendants filed a reply brief, ECF No. 38. Accordingly, the Petition is ripe for review.

## STANDARD OF REVIEW

Under 28 U.S.C. § 2254(b)(1), when a state court provides an effective and available corrective process, a federal court may not grant habeas relief if the petitioner failed to "exhaust[] the remedies available in the courts of the State." State courts are entitled to "one full opportunity to resolve any constitutional issues;" thus, a petitioner must "invoke one complete round of the State's established appellate review process before [the petitioner] present[s] those issues in an application for habeas relief in federal court." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). "A [petitioner] is not required to pursue 'extraordinary' remedies outside of the standard review process, but he 'must seek the discretionary review of the state supreme court when that review is part of the ordinary and established appellate review process in that state.'" *Id.* (quoting *Dixon v. Dormire*, 263 F.3d 774, 777 (8th Cir.2001)). A failure to exhaust available state court remedies properly within the allotted time "results in procedural default of the [petitioner's] claims." *Id.*

Under 28 U.S.C. § 2254(d), federal courts conduct "only a limited and deferential review of underlying state court decisions" giving deference to "decision[s] by a state court 'with respect to any claim that was adjudicated on the merits in State court proceedings.'"

*Worthington v. Roper*, 631 F.3d 487, 495 (8th Cir. 2011) (quoting *Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007)).  Even if a petitioner has exhausted available state court remedies, the petitioner is still precluded from habeas relief unless a state court decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The burden is on the petitioner to prove that a state court's application of federal law was objectively unreasonable. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).  "A state court decision is 'contrary to' clearly established federal law if it either 'arrives at a conclusion opposite that reached by [the Supreme] Court on a question of law' or 'decides a case differently than th[e] [Supreme] Court has on a set of materially indistinguishable facts.'"  *Worthington*, 631 F.3d at 495 (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)).  It is not enough that a federal court "would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable."  *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006).  A federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254 (e)(1).

"Absent state court adjudication [of a particular claim], a federal habeas court [should] apply *de novo* review."  *Worthington*, 631 F.3d at 495; *see also Gabaree v.*

*Steele*, 792 F.3d 991, 999 (8th Cir. 2015) (citing *Rompilla v. Beard*, 545 U.S. 374, 390 (2005)).

**DISCUSSION**

Defendants ask the Court to dismiss Sanders's habeas Petition because his first claim for ineffective assistance of counsel lacks merit and his second claim, that Neb. Rev. Stat. § 28-1212.04 violates the Federal Equal Protection Clause on its face, was procedurally defaulted. The Court will address Defendants' contentions in reverse order.

**I. Constitutionality of Neb. Rev. Stat. § 28-1212.04**

Assuming, without deciding, the doctrine of procedural default does not bar Sanders's claim that § 28-1212.04 violates the Equal Protection Clause on its face, this claim will be dismissed because Sander failed to demonstrate that the claim has merit.

"In general, if a convicted state criminal defendant can show a federal habeas court that his conviction rests upon a violation of the Federal Constitution, he may well obtain a writ of habeas corpus that requires a new trial, a new sentence, or release." *Trevino v. Thaler*, 569 U.S. 413, 421 (2013). The Supreme Court, however, has "recognized the importance of federal habeas corpus principles designed to prevent federal courts from interfering with a State's application of its own firmly established, consistently followed, constitutionally proper procedural rules." *Id.* (citing *Martinez v. Ryan*, 566 U.S. 1, 9 (2012)). These principles include the doctrine of procedural default, which provides "a federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (citing *Beard v. Kindler*, 558 U.S. 53, 55 (2009)). A "defendant's failure to raise a claim of error at the

6

time or in the place that state law requires[ ] normally rests upon 'an independent and adequate state ground.'" *Trevino*, 569 U.S. at 421 (quoting *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991)).

Under Nebraska law, a habeas corpus petitioner who wants to challenge the constitutionality of the statute underlying his conviction must do so before the judgment of conviction becomes final. *Frakes*, 888 N.W.2d at 523-25. Invoking this rule, the Nebraska Supreme Court denied Sanders's state habeas petition because he raised his constitutional challenge to § 28-1212.04 after his conviction became final. *Frakes*, 888 N.W.2d 514. Sanders does not argue the Nebraska Supreme Court's denial was not based on an adequate and independent procedural rule, but that the procedural default doctrine does not apply to his claim that § 28-1212.04 is facially unconstitutional. Petitioner's Br., ECF No. 35, Page ID 7278 (citing *United States v. Morgan*, 230 F.3d 1067, 1071 (8th Cir. 2000) (Bye, J., concurring) (noting that the court "recognize[d] a facial constitutional challenge exception to the procedural default doctrine").[4]

Even if Sanders's equal protection claim is not barred by the doctrine of procedural default, he has not shown that it has merit. To establish that a statute is unconstitutional on its face, Sanders "must show that there is no set of circumstances under which the law[ ] would be valid." *Calzone v. Hawley*, 866 F.3d 866, 870 (8th Cir. 2017) (citing *United States v. Salerno*, 481 U.S. 739, 745 (1987)). "Where a law neither implicates a

---

[4] Ineffective assistance of counsel is also an exception to the procedural default doctrine, though Sanders does not raise it in this context. *Davila*, 137 S. Ct. at 2065 (stating a "deprivation of the constitutional right to counsel" provides "cause for excusing a procedural default"). Nevertheless, this exception would not be applicable because, as explained below, Sanders was not deprived of effective assistance of counsel. *See infra* Section II.

7

fundamental right nor involves a suspect or quasi-suspect classification, the law must only be rationally related to a legitimate government interest." *Ndioba Niang v. Carroll*, 879 F.3d 870, 873 (8th Cir. 2018) (quoting *Gallagher v. city of Clayton*, 699 F.3d 1013, 1019 (8th Cir. 2012)). Rational-basis review is "'a paradigm of judicial restraint' where 'a statutory classification . . . must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification.'" *Carroll*, 879 F.3d at 873 (quoting *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313-14 (1993)). State laws are entitled to "a strong presumption of validity," and courts "must be 'very reluctant' to 'closely scrutinize legislative choices as to whether, how, and to what extent those interests should be pursued.'" *Carroll*, 879 F.3d at 873 (quoting *Heller v. Doe*, 509 U.S. 312, 319 (1993) and *United States v. Windsor*, 570 U.S. 744, 813 (2013)).

On its face, Neb. Rev. Stat. § 28-1212.04 implicates neither a fundamental right nor a suspect or quasi-suspect classification. Thus, rational-basis review applies and Sanders has not shown that there is no set of circumstances under which the law would be valid under such a deferential standard. *See Calzone*, 866 F.3d at 870; *Carroll*, 879 F.3d at 873. He claims Section 28-1212.04 violates the Equal Protection Clause because it criminalizes certain conduct—that which is associated with the colloquial drive-by shooting—only "within the territorial boundaries of any city of the first class or county containing a city of the metropolitan class or primary class."[5] The statute clearly seeks to

---

[5] At the time of Sanders's conviction, a city of the first class, metropolitan class, and primary class were defined as follows:

criminalize that particular conduct in relatively populous areas of Nebraska, but Sanders's Petition makes no attempt to satisfy his burden of "negat[ing] . . . 'every conceivable basis which might support [such a statute].'"  *Carroll*, 879 F.3d at 873 (quoting *FCC*, 508 U.S. at 315).  He simply concludes that "there is no[ ] rational and articulable interest in making such conduct prohibited" in some areas of the state and not others.  Petitioner's Br., ECF No. 35, Page ID 7281.

It is conceivable that the specific conduct the legislature sought to criminalize with § 28-1212.04 is more frequent, dangerous, and harmful in more populous areas, which is a rational basis for the statutory classification Sanders challenges.  Because Sanders's Petition fails to negate this or any other conceivable rationalization for the statute, his claim that § 28-1212.04 facially violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution will be dismissed.[6]

## II. Ineffective Assistance of Counsel

---

(1) a city of the first class was defined as "[a]ll cities having more than five thousand and not more than one hundred thousand inhabitants . . . [,]" Neb. Rev. Stat. § 16-101;

(2) a city of the metropolitan class was defined as "[a]ll cities in this state which have attained a population of three hundred thousand inhabitants or more . . . [,]" Neb. Rev. Stat. § 14-101; and

(3) a city of the primary class was defined as "[a]ll cities having more than one hundred thousand and less than three hundred thousand inhabitants . . . [.]" Neb. Rev. Stat. § 15-101.

[6] The Court will not address Sanders's claim that § 28-1212.04 is unconstitutional as applied because that claim was not included in the Order on initial review, ECF No. 4 & 18, and the exception to the procedural default doctrine that Sanders invokes only excepts facial constitutional challenges.  Nor will the Court address Sanders's argument that § 28-1212.04 violates the Nebraska Constitution.  28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws . . . of the United States.").

The Court will also dismiss Sanders's claim for ineffective assistance of counsel. Sanders bases his claim on two separate failures by his trial and direct-appellate counsel: (1) the failure to challenge the constitutionality of Neb. Rev. Stat. § 28-1212.04 and (2) the failure to move to suppress certain incriminating evidence.

To establish ineffective assistance of counsel, Sanders must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687. "To establish prejudice, the defendant must demonstrate a reasonable probability that the result of the proceeding would have been different, but for counsel's deficiency." *United States v. Luke*, 686 F.3d 600, 604 (8th Cir. 2012).

**A. Failure to Challenge the Constitutionality of Neb. Rev. Stat. § 28-1212.04**

Sanders argues counsel should have challenged the constitutionality of § 28-1212.04 under Article III, Section 18 of the Nebraska Constitution (prohibiting special legislation) and the Equal Protection Clauses of both the Nebraska and United States Constitutions.

The Nebraska Supreme Court previously found that counsel's failure to raise a challenge to the validity of § 28-1212.04 under Article III, Section 18 of the Nebraska Constitution did not amount to deficient performance under *Strickland* because it was a "novel constitutional challenge at the time of his trial and direct appeal[.]" *Sanders*, 855

N.W.2d at 357. Thus, the Court will review the Nebraska Supreme Court's application of *Strickland* to determine whether it was "objectively unreasonable, not merely wrong." *Ervin v. Bowersox*, 892 F.3d 979, 983 (8th Cir. 2018) (quoting *White v. Woodall*, 572 U.S. 415, 134 S. Ct. 1697, 1702 (2014)); *see also* 28 U.S.C. § 2254(d)(1). "A state court 'unreasonably applies' Supreme Court precedent if it 'identifies the correct governing legal principle from th[e] [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Ervin*, 892 F.3d at 983 (quoting *Worthington*, 631 F.3d at 495) (alterations in original).

After it determined that a challenge to § 28-1212.04 under Article III, Section 18 of the Nebraska Constitution was novel,[7] the Nebraska Supreme Court relied on *Anderson v. United States*, 393 F.3d 749 (8th Cir. 2005), to conclude that counsel's failure to raise such a challenge did not render his performance constitutionally deficient under *Strickland*. *Sanders*, 855 N.W.2d at 350 (citing *Anderson*, 393 F.3d at 754). In *Anderson*, the Eighth Circuit stated "[c]ounsel's failure to raise [a] novel argument does not render his performance constitutionally ineffective." 393 F.3d at 754. Thus, the Nebraska Supreme Court did not unreasonably apply the *Strickland* principles to Sanders's claim that his counsel was ineffective for failing to challenge § 28-1212.04 under Article III, Section 18, of the Nebraska Constitution.

The Nebraska Supreme Court did not address Sanders's claim that § 28-1212.04 violates the Equal Protection Clauses of the Nebraska and U.S. Constitutions. *See*

---

[7] This Court will not question the Nebraska Supreme Court's conclusion that this was a novel constitutional challenge under Nebraska law at the time of Sanders's trial and direct appeal. *Reeves v. Hopkins*, 76 F.3d 1424, 1427 (8th Cir. 1996) ("The Nebraska Supreme Court is the final arbiter of Nebraska law.").

*Frakes*, 888 N.W.2d 514; *Sanders*, 855 N.W.2d 350. Thus, the Court reviews this claim *de novo*. *Worthington*, 631 F.3d at 495. The Court has already found that Sanders failed to demonstrate § 28-1212.04 violates the Equal Protection Clause of the U.S. Constitution on its face,[8] *see supra* Section I, and the Nebraska Constitution has "identical requirements" for equal protection. *Lingenfelter v. Lower Elkhorn Nat. Res. Dist.*, 881 N.W.2d 892, 915 (Neb. 2016). Accordingly, Sanders cannot establish *Strickland*'s prejudice prong based on counsel's failure to raise an equal protection challenge to § 28-1212.04.

Therefore, Sanders's ineffective assistance of counsel claim based on counsel's failure to raise a constitutional challenge to § 28-1212.04 lacks merit.

### B. Failure to Move to Suppress Evidence

The Nebraska Supreme Court previously dismissed Sanders's state habeas petition which included this argument as a basis for his ineffective assistance of counsel claim. *Sanders*, 855 N.W.2d at 357-59. It appears, however, that Sanders has now abandoned this argument as a basis for his ineffective assistance of counsel claim because his brief in support of his federal habeas Petition does not address it. *See* Petitioner's Br., ECF No. 35. As such, he has failed to meet his burden under 28 U.S.C. 2254(d).

## CONCLUSION

For the foregoing reasons, Sanders is not entitled to relief under 28 U.S.C. § 2254.

---

[8] Again, the Order on initial review found that Sanders's Petition stated a potentially cognizable claim for ineffective assistance of counsel based on counsel's failure to assert § 28-1212.04 was unconstitutional *on its face*. ECF No. 4; ECF No. 18. Therefore, the Court will not address Sanders's arguments that counsel failed to challenge the constitutionality of § 28-1212.04 as it is applied.

Accordingly,

IT IS ORDERED:

1. The Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, ECF No. 1, filed by Ricky Sanders, is denied; and

2. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 13th day of July, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge