# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICKY J. SANDERS,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>RICHARD CRUICKSHANK, Warden Nebraska Penitentiary; and SCOTT R. FRAKES, Director Nebraska Department of Correctional Services;<br><br>　　　　　　Respondents. | 4:17CV3020<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Motion to Alter or Amend under Rule 59(e) of the Federal Rules of Civil Procedure, ECF No. 45, filed by Petitioner Ricky Sanders. For the reasons stated below, the Motion will be denied.

## BACKGROUND

Sanders's Motion asks the Court to alter or amend its Judgment, ECF No. 44, denying his Petition for Habeas Corpus under 28 U.S.C. § 2254. The Court incorporates the background discussion from its Memorandum and Order, ECF No. 43, Page ID 7327-30, by reference, and provides the following summary:

On November 16, 2011, in the District Court for Douglas County, Nebraska, Sanders was convicted of discharging a firearm, in violation of Neb. Rev. Stat. § 28-1212.04,[1] and using a firearm to commit a felony, in violation of Neb. Rev. Stat. § 28-

---

[1] Section 1212.04 provides:

　　[a]ny person, within the territorial boundaries of any city of the first class or county containing a city of the metropolitan class or primary class, who unlawfully, knowingly, and intentionally or recklessly discharges a firearm, while in any motor vehicle or in the

1205(1)(a)(c). On January 20, 2012, Sanders directly appealed his conviction to the Nebraska Court of Appeals arguing there was insufficient evidence to support his convictions and that the district court imposed an excessive sentence. Sanders did not seek further review of this decision by the Nebraska Supreme Court.

After his direct appeal, Sanders filed a pro se motion for postconviction relief under the Nebraska Postconviction Relief Act, Neb. Rev. Stat. § 29-3001 *et seq.*, with the Douglas County District Court. The motion asserted a claim for ineffective assistance of counsel based on counsel's failure to challenge the constitutionality—state and federal—of Neb. Rev. Stat. § 28-1212.04, and counsel's failure to move to suppress evidence obtained from a warrantless search of the vehicle. The district court denied Sanders's motion, and he appealed the denial directly to the Nebraska Supreme Court. The Nebraska Supreme Court affirmed the denial. *State v. Sanders*, 855 N.W.2d 350, 356, 359 (Neb. 2014).

Sanders then filed a petition for habeas corpus under Neb. Rev. Stat. § 29-2801 *et seq*, in the District Court for Lancaster County, Nebraska, arguing his judgment of conviction was void because Neb. Rev. Stat. § 28-1212.04, on its face, violates the Nebraska Constitution and the U.S. Constitution. The district court denied the petition because, under Nebraska law, Sanders's conviction was a final judgment that could not be collaterally attacked with a petition for habeas corpus. The Nebraska Supreme Court affirmed the denial. *Sanders v. Frakes*, 888 N.W.2d 514 (Neb. 2016).

---

proximity of any motor vehicle that such person has just exited, at or in the general direction of any person, dwelling, building, structure, occupied motor vehicle, occupied aircraft, inhabited motor home as defined in section 71-4603, or inhabited camper unit as defined in section 60-1801, is guilty of a Class IC felony.

2

Sanders filed his Petition under 28 U.S.C. § 2254 with this Court on February 15, 2017. The Court denied the Petition, Memorandum and Order, ECF Nos. 43, 44, and Sanders filed a Motion under Fed. R. Civ. P. 59(e).

**STANDARD OF REVIEW**

"Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innovative Home Health Care v. P. T.-O. T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* (quoting *Innovative Home Health Care*, 141 F.3d at 1286).

**DISCUSSION**

Sanders's Rule 59(e) Motion argues the Court failed to consider the evidence submitted with his Petition that shows Neb. Rev. Stat. § 28-1212.04 disparately impacts African Americans. Pl.'s Br., ECF No. 46, Page ID 7347. This is an as-applied challenge to § 28-1212.04.

After a preliminary review of Sanders's Petition, the Court[2] found that he had asserted the following two potentially cognizable claims:

> Claim One: Petitioner was denied effective assistance of counsel *because* (1) trial and appellate counsel (same counsel) failed to motion to quash the Information on the ground that Neb. Rev. Stat. § 28-1212.04 is facially unconstitutional under Neb. Const. art. III, § 18 and under equal protection, and (2) trial and appellate counsel (same counsel) failed to file a motion to suppress the

---

[2] The Honorable Richard G. Kopf, Senior Judge, United States District Court for the District of Nebraska.

3

> illegal search and seizure of Petitioner and his passenger, as well as the illegal search of Petitioner's vehicle.

Claim Two: Petitioner's convictions are void *because* Neb. Rev. Stat. § 28-1212.04 is facially unconstitutional under equal protection.

ECF Nos. 4, 18 (emphasis in original). In its Memorandum and Order denying Sanders's Petition, the Court addressed these claims in reverse order.

## I. Claim Two—Direct Constitutional Challenge

The Court concluded that § 28-1212.04 did not violate the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution, on its face. Memorandum and Order, ECF No. 43, Page ID 7332-35. The Court did not address Sanders's argument that § 28-1212.04, as applied, violated the Equal Protection Clause based on its alleged disparate impact upon African Americans because that claim was procedurally defaulted. Memorandum and Order, ECF No. 43, Page ID 7335 n.6. This claim was also not included as one of the potentially cognizable claims in the Order, ECF No. 4, following the preliminary review of Sanders's Petition. Thus, the Court finds no manifest error in dismissing Claim Two of Sanders's Petition.

## II. Claim One—Ineffective Assistance of Counsel

First, the Court concluded the Nebraska Supreme Court reasonably applied the principles in *Strickland v. Washington*, 466 U.S. 668 (1984) to Sanders's assertion that his trial and appellate counsel failed to challenge § 28-1212.04 under Article III, Section 18 of the Nebraska Constitution. Memorandum and Order, ECF No. 43, Page ID 7336-37. The Nebraska Supreme Court found that such a challenge was novel under Nebraska law; therefore, the deficient-performance prong of *Strickland* was not satisfied. *Id*. Sanders now argues this was an unreasonable factual determination under 28 U.S.C. §

2254(d)(2) because there is no evidence to support the Nebraska Supreme Court's conclusion that a challenge to § 28-1212.04 under Article III, Section 18 of the Nebraska Constitution was novel. The Court finds that it was not manifest error to review and dismiss this aspect of Claim One under 28 U.S.C. § 2254(d)(1).

Second, Sanders's primary argument is that the Court erroneously failed to address his assertion that his trial and appellate counsel failed to raise a disparate impact equal protection challenge to § 28-1212.04 under the U.S. Constitution and the Nebraska Constitution. The Court dismissed this aspect of Sanders's ineffective-assistance claim because the Order, ECF Nos. 4, 18, following a preliminary review of Sanders's Petition included only a facial challenge to § 28-1212.04. Memorandum and Order, ECF No. 43, Page ID 7338 n.8. Sanders never objected to the Court's characterization of his claims following the preliminary review and the Court finds no manifest error in dismissing this aspect of Claim One.

Sanders's Rule 59(e) Motion states it is "troubling" that the Court has not considered his argument that § 28-1212.04 disparately impacts African Americans, and that his trial and appellate counsel failed to raise this argument before his conviction became final. Pl.'s Br., ECF No. 46, Page ID 7348. Yet a facially neutral law, like § 28-1212.04, is not unconstitutional "[s]olely because it has a racially disproportionate impact." *Washington v. Davis*, 426 U.S. 229, 239 (1976). "The calculus of effects, the manner in which a particular law reverberates in a society, is a legislative and not a judicial responsibility." *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 272 (1979). A statute, neutral on its face, "is unconstitutional under the Equal Protection Clause only if that impact can be traced to a discriminatory purpose." *Id.* "Proving discriminatory purpose

5

is no simple task. It requires a showing that the law or practice in question was 'implemented at least in part because of, not merely in spite of, its adverse effects upon an identifiable group.'" *Villanueva v. City of Scottsbluff*, 779 F.3d 507, 511 (8th Cir. 2015) (quoting *Ricketts v. City of Columbia*, 36 F.3d 775, 779 (8th Cir. 1994)).

Under this standard, Sanders's Petition and subsequent Rule 59(e) Motion have not demonstrated a reasonable probability that the result of his state criminal proceeding would have been different if his trial and appellate counsel had raised an as-applied, disparate-impact challenge to § 28-1212.04 under the Equal Protection Clause of either the U.S Constitution or the Nebraska Constitution. *See Strickland*, 466 U.S. at 694. Thus, the Court finds no manifest error in dismissing Claim One.

Accordingly,

IT IS ORDERED: The Motion to Alter or Amend under Rule 59(e) of the Federal Rules of Civil Procedure, ECF No. 45, filed by Petitioner Ricky Sanders is denied.

Dated this 28th day of August, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge