# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICKY J. SANDERS,<br><br>Petitioner,<br><br>vs.<br><br>RICHARD CRUICKSHANK, Warden Nebraska Penitentiary; and SCOTT R. FRAKES, Director Nebraska Department of Correctional Services;<br><br>Respondents. | 4:17CV3020<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Motion for Leave to Appeal In Forma Pauperis, ECF No. 49, and the Motion for Certificate of Appealability, ECF No. 50, filed by Petitioner Ricky Sanders. Sanders seeks to appeal from the Memorandum and Order, ECF No. 43, and Judgment, ECF No. 44, denying his Petition for Writ Habeas Corpus under 28 U.S.C. § 2254, ECF No. 1. Sanders also seeks to appeal from the Memorandum and Order, ECF No. 48, denying his Motion to Alter or Amend Judgment, ECF No. 45. The Motions will be denied.

Federal Rule of Appellate Procedure 24 governs Sanders's ability to proceed in forma pauperis in this appeal. Before Sanders may appeal the denial of his Petition under § 2254, however, a "Certificate of Appealability" must issue. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), the right to appeal the denial of a petition under § 2254 is governed by the certificate of appealability requirements of 28 U.S.C. § 2253(c). 28 U.S.C. § 2253(c)(2) provides that

a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> . . . .
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).

A "substantial showing of the denial of a constitutional right" requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

The issues raised in Sanders's Petition were carefully considered. For the reasons set forth in the Court's previously issued Memorandums and Orders, ECF Nos. 43 and 48, denying his Petition and Rule 59(e) Motion, the Court concludes that Sanders has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c).

The Court also notes that Sanders's request for a certificate of appealability may be moot because the time for filing a notice of appeal has lapsed. Rule 11(b) of the *Rules*

*Governing Section 2254 Cases in the United States District Courts* states "Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules," and Rule 4(a) provides that a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." The Court entered judgment on July 13, 2018, and no notice of appeal has been filed in this case. Although Sanders filed a post-judgment motion under Rule 59(e), ECF No. 45, that motion did not extend the 30-day period for filing a notice of appeal. Rule 11(a), *Rules Governing § 2254 Cases in the United States District Courts* (stating "[a] motion to reconsider a denial does not extend the time to appeal."). Nor does the fact that Sanders has not yet obtained a certificate of appealability. *See* 16AA Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §3968.1 (4th ed.) (stating "a petitioner seeking appellate review of the denial of a habeas petition must be sure to timely file the notice of appeal, whether or not a [certificate of appealability] has yet been obtained.") (citing *Lomax v. Armontrout*, 923 F.2d 574, 575 n.2 (8th Cir. 1991)). Thus, because Sanders failed to file a notice of appeal, issuance of a certificate of appealability is likely moot.

For the foregoing reasons, the Court will not grant Sanders's request for a certificate of appealability, and it will not grant his request for leave to appeal in forma pauperis. He may seek a certificate of appealability and leave to appeal in forma pauperis from the Court of Appeals. Fed. R. App. P. 24(a)(5); 28 U.S.C. § 2253(c)(1). Accordingly,

IT IS ORDERED:

1. The Motion for Leave to Appeal In Forma Pauperis, ECF No. 49, filed by Petitioner Ricky Sanders, is denied; and

2. The Motion for Certificate of Appealability, ECF No. 50, filed by Petitioner Ricky Sanders, is denied.

Dated this 25th day of September, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge